O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS KOMIYAMA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>　　　　　Defendant. | CASE NO. ED CV 09-00159 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　Plaintiff Jesus Komiyama seeks to overturn the decision of the Social Security Commissioner denying his application for disability benefits. He is a former letter carrier for the U.S. Postal Service, and asserts that he has not been able to work for several years. The Administrative Law Judge accepted the analysis of a consulting medical expert over that of the treating physician, and ruled that Plaintiff could perform a number of jobs in the light-work category. In declining to accept the treating physician's opinion, the Administrative Law Judge committed error.

　　　　The Ninth Circuit has summarized the law concerning a treating physician's opinions:

> Generally, a treating physician's opinion carries more weight
> than an examining physician's, and an examining physician's

opinion carries more weight than a reviewing physician's. *Lester [v. Chater]*, 81 F.3d at 830; 20 C.F.R. § 404.1527(d). In addition, the regulations give more weight to opinions that are explained than to those that are not, see 20 C.F.R. § 404.1527(d)(3), and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists, see id. § 404.1527(d)(5).

In disability benefits cases, physicians typically provide two types of opinions: medical opinions that speak to the nature and extent of a claimant's limitations, and opinions concerning the ultimate issue of disability, i.e., opinions about whether a claimant is capable of any work, given her or his limitations. Under the regulations, if a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. 20 C.F.R. § 404.1527(d)(2); see also Social Security Ruling (SSR) 96-2p. An ALJ may reject the uncontradicted medical opinion of a treating physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (internal quotation marks and citation omitted). If the treating physician's medical opinion is inconsistent with other substantial evidence in the record, "[t]reating source medical opinions are still entitled to deference and must be weighted using all the factors provided in 20 CFR [§ ] 404.1527." SSR 96-2p; see id. ("Adjudicators must remember that a finding that a treating source medical opinion is ... inconsistent with the other substantial evidence in the case

> record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected.... In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."). An ALJ may rely on the medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if she or he provides "specific and legitimate" reasons supported by substantial evidence in the record. *Lester*, 81 F.3d at 830. (internal quotation marks and citation omitted). Similarly, an ALJ may reject a treating physician's uncontradicted opinion on the ultimate issue of disability only with "clear and convincing" reasons supported by substantial evidence in the record. *Reddick*, 157 F.3d at 725 (*quoting Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (internal quotation marks omitted)). If the treating physician's opinion on the issue of disability is controverted, the ALJ must still provide "specific and legitimate" reasons in order to reject the treating physician's opinion. *Id*.

*Holohan v. Massanari,* 246 F.3d 1195,1201-1203 (9th Cir. 2001) (footnotes omitted).

   The treating physician here saw the Plaintiff for more than seven years, and struggled to come up with an appropriate diagnosis. He stated that he had treated Plaintiff presumptively for several possible maladies [AR 634] and the record reflects his attempts to find a solution to Plaintiff's symptoms. [*e.g.*, AR 318,492, 493] Ultimately, he settled on a diagnosis of fibromyalgia. [AR 634]

   The Administrative Law Judge rejected this diagnosis, however, stating that it was a "catch-all diagnosis" used in the absence of other impairments, and that it was

unsupported by treatment notes and the opinions of the other specialists. [AR 35] The Ninth Circuit, however, takes a different view of fibromyalgia:

> "[F]ibromyalgia, previously called fibrositis, [is] a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue. [citations omitted] Common symptoms . . . include chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue associated with this disease. [citations omitted] Fibromyalgia's cause is unknown, there is no cure, and it is poorly understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms. The American College of Rheumatology issued a set of agreed upon diagnostic criteria in 1990, but to date there are no laboratory tests to confirm the diagnosis. [citations omitted]"

*Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004). It is clear from this description that the treating physician's diagnosis of fibromyalgia was plausible, not a catch-all. The symptoms are ones which Plaintiff experienced. Everyone, even the Administrative Law Judge, acknowledged that Plaintiff had chronic pain throughout the body, and the treating physician also addressed Plaintiff's complaints of stiffness, exploring whether Plaintiff had "stiff man disease," but ultimately rejecting that diagnosis. Fibromyalgia was not a catch-all; it was the treating physician's judgment, after attempting many palliative measures which failed.

        The Administrative Law Judge rejected the treating physician's diagnosis, saying that it was unsupported by treatment notes and the opinions of other specialists.

[AR 35] As indicated, the doctor's records reflect a treatment history which is consistent with the diagnosis he ultimately settled on. As for lack of support from the opinions of other specialists, this is just another way of saying that the Administrative Law Judge preferred the opinions of other doctors to those of the treating physician. Such preference cannot be justified by merely invoking it; that is circular.

More to the point, fibromyalgia is a disease that defies objective measurement and, in that situation, objective measurement cannot be demanded. As *Benecke* acknowledged, fibromyalgia is a disease or syndrome which relies on a patient's self-reporting. *Benecke, supra,* 379 F.3d at 589. It is enough that there be a medically accepted diagnosis. *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985); *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989). As noted, the diagnosis of fibromyalgia has been approved by the Ninth Circuit.

The treating physician thought, on the basis of his diagnosis and treatment of Plaintiff over a period of many years, that Plaintiff could not work. [AR 535, 634; *see also* AR 377] The Administrative Law Judge did not give significant weight to such assessments. [AR 34] He rejected the opinions because "they simply parrot the claimant's exaggerated assertions of incapacity" and because they were not backed by credible clinical or diagnostic findings. [*Id.*] In part, this simply reflects the difficulty in pinpointing Plaintiff's diagnosis, as the treating physician tried, a number of times, to figure out the problem. In part, the Administrative Law Judge, in criticizing the treating physician for accepting Plaintiff's assessment of his capacity, demanded more than is medically available when fibromyalgia is involved; in effect, he sought objective verification of a disease that defies such objective verification. *Benecke, supra,* 379 F.2d at 594.

This case demonstrates the wisdom of the treating physician rule — that a doctor who has treated a patient over a long period of time, and whose goal is to treat, not just assess based on a one-time examination, has a better handle on a patient's status. *Sprague v. Bowen,* 812 F.2d 1226, 1230 (9th Cir. 1987). In a case where objective data simply cannot be had easily and where self-reporting plays an important role in diagnosis

and assessment, there is wisdom in preferring the opinion of a doctor who has treated a patient over a sustained period of time, to that of a physician who merely has examined the patient in a limited setting.

The Administrative Law Judge erred in rejecting the opinions of the treating physician. The vocational expert testified that, if those opinions were accepted, then Plaintiff could not work. [AR 106 ] Under those circumstances, nothing is to be gained by a further hearing. *Benecke, supra*. Accordingly, the Commissioner's decision is reversed, and the matter is remanded to the Commissioner for an award of benefits.

As a result of this disposition, the Court need not consider the alternative arguments asserted by Plaintiff.

IT IS SO ORDERED.


DATED: December 4, 2009


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE